NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Juan Francisco Alonzo Nicolas; Francisco Alexis Alonzo Rufino,<br><br>Petitioners,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 21-338<br><br>Agency Nos.  A200-295-781<br>A209-164-221<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023**
Pasadena, California

Before: LEE, BRESS, MENDOZA, Circuit Judges.

Petitioners Juan Francisco Alonzo Nicolas and Francisco Alexis Alonzo

Rufino, both natives and citizens of Guatemala, petition for review of a Board

of Immigration Appeals ("BIA") order upholding an Immigration Judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of Petitioners' applications for asylum and other forms of relief.[1] We review *de novo* the BIA's determinations on questions of law and mixed questions of law and fact. *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013). The BIA's factual findings are reviewed for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

## I.

Petitioners argue the BIA lacked jurisdiction because their initial Notices to Appear did not include a time and date for their removal hearings. Because Petitioners did not raise this argument before the agency, we lack jurisdiction to consider it. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

## II.

Petitioners' asylum claim is based on membership in the proposed social group of those who "fear of retribution for refusal to join a gang." We have previously rejected proposed particular social groups based on resistance to gang recruitment for lack of particularity. *See Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (rejecting "young men in Guatemala who resist gang recruitment" as a cognizable particular social group), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en

---

[1] Petitioners' other forms of relief include withholding of removal, protection under the Convention Against Torture, and voluntary departure. Petitioners do not challenge, and therefore waive, these issues. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015) (explaining that issues not specifically raised and argued in a party's brief are waived).

banc).  Petitioners failed to show Guatemalan society views "fear of retribution for refusing to join a gang" as a particular social group.  We conclude the BIA did not err in affirming the IJ's denial of Petitioners' asylum claim.[2]

The temporary stay of removal remains in place until the mandate issues.

**PETITIONS DENIED.**

---

[2] *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014) does not alter our conclusion.  In *Pirir-Boc*, we held that the BIA erred in failing to consider evidence of how Guatemalan society viewed a proposed particular social group. *Id*. at 1084.  Here, the IJ considered Petitioners' only society-specific evidence—the 2017 Guatemala Human Rights Report—and determined it was insufficient to demonstrate that "fear of retribution for refusal to join a gang" was a particular social group.  The record lacks any country condition report, news report, law, proposed legislation, or expert testimony demonstrating social distinction.

21-338